UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CAPITAL CONSTRUCTION
MANAGEMENT OF NEW YORK, LLC,

                            Plaintiff,

                                                      11 Civ. 8112 (PKC)

            -against-

                                                        MEMORANDUM
                                                        AND ORDER

YOSSI ZAGA,

                            Defendant.
-----------------------------------------------------------x
P. KEVIN CASTEL, District Judge:

        Plaintiff Capital Construction Management of New York, LLC ("Capital Construction") contends that defendant Yossi Zaga breached a loan agreement and defaulted on a related promissory note. Discovery is now closed, and plaintiff moves for summary judgment pursuant to Rule 56, Fed. R. Civ. P.

        As discussed below, there is no dispute that the defendant executed the loan agreement and promissory note, and that he failed to make payments scheduled thereunder. In opposition, defendant argues that a jury should decide whether the agreements are enforceable. Based on the summary judgment record, however, defendant has not submitted evidence that would permit a reasonable jury to find in his favor. For reasons discussed, the plaintiff's motion for summary judgment is granted as to Count One and Count Two, but not as to Count Three.

BACKGROUND

        The following facts are either undisputed or described in the light most favorable to defendant as the non-movant. See, e.g., Costello v. City of Burlington, 632 F.3d 41, 45 (2d Cir. 2011).

A.  The Loan Agreement of November 20, 2007.

Plaintiff Capital Construction was the construction manager of a condominium development located at East 81st Street in New York City.  (Oz Aff't ¶ 7; Def. Opp. Mem. at 2.)  The development was sponsored by non-party East 81st Street LLC (the "LLC").  (Oz Aff't ¶ 6; Zaga Aff. ¶ 3.)  Non-party East 81st Parent Holding LLC (the "Parent") was the LLC's sole member.  (Oz Aff't Ex. C, at 1.)  As described in a loan agreement (the "Loan Agreement"), three individuals were, in turn, members of the Parent: defendant Yossi Zaga, and non-parties Ben Zion Suky and Chaim Cohen.  (Oz Aff't Ex. C, at 1.)

Under the terms of a construction contract, the LLC owed $1,170,000 to plaintiff Capital Construction.  (Oz Aff't Ex. C, at 2.)  On or about November 20, 2007, defendant Zaga, along with non-parties Suky and Cohen, executed a Loan Agreement with Capital Construction.[1]  (Pl. 56.1 ¶ 1; Def. 56.1 Resp. ¶ 1; Oz. Aff't Ex. C.)  The Loan Agreement converted a debt that the LLC owed to plaintiff Capital Construction into a loan from plaintiff Capital Construction to the three individual borrowers, including defendant Zaga.  (Pl. 56.1 ¶ 5; Def. 56.1 Resp. ¶ 5.)

The Loan Agreement required the borrowers to make a first repayment of $670,000 by December 31, 2007, and a second repayment of $525,000 by June 1, 2008.  (Pl. 56.1 ¶¶ 3-4; Def. 56.1 Resp. ¶¶ 3-4; Oz Aff't Ex. C; Zaga Aff. ¶ 8.)  It is undisputed that the borrowers, including defendant Zaga, "failed to pay Capital [Construction] $670,000 on or before December 31, 2007."  (Pl. 56.1 ¶ 7; Def. 56.1 Resp. ¶ 7.)  The borrowers thereafter made the following repayments: $470,000 in January 2008; $3,000 in March 2008, and $9,000 in September 2008.  (Pl. 56.1 ¶¶ 8-10; Def. 56.1 Resp. ¶¶ 8-10; Zaga Aff. ¶ 9.)  As of June 1, 2008,

---

[1] Jurisdiction is premised upon complete diversity of citizenship.  28 U.S.C. § 1332(a)(1).  Plaintiff is an LLC, the sole member of which is a New York citizen.  (Am. Compl't ¶¶ 2-3.)  Defendant Zaga is alleged to be a citizen of California.  (Am Compl't ¶¶ 4-5.)

$700,000 of the loan remained outstanding.  (Pl. 56.1 ¶ 13; Def. 56.1 Resp. ¶ 13.)  The borrowers have made no further repayment.  (Pl. 56.1 ¶ 11; Def. 56.1 Resp. ¶ 11.)

Under sections 10(B) and 15 of the Loan Agreement, the three individual borrowers agreed to be liable, jointly and severally, for repayments on the loan.  (Oz Aff't Ex. C §§ 10(B), 15.)

### B.  The Promissory Note of December 7, 2007.

Separately, on December 7, 2007, the three same borrowers, including defendant Zaga, executed a promissory note, whereby they "unconditionally promise[d]" to pay $1,170,000 to Capital Construction.  (Oz Aff't Ex. D, at 1.)  It is undisputed that the promissory note obligated defendant to personally repay the $1,170,000.  (Pl. 56.1 ¶ 17; Def. 56.1 Resp. ¶ 17.)  As with the Loan Agreement, the promissory note required full repayment by June 1, 2008, and to date, the borrowers have repaid only $482,000, leaving $688,000 unpaid.  (Pl. 56.1 ¶¶ 18-20; Def. 56.1 Resp. ¶¶ 18-20.)  The Promissory Note required the borrowers to pay the maximum lawful rate of compounded annual interest in the event of default.  (Oz Aff't Ex. D §§ 1, 2.)  The borrowers also waived any defenses in the event of a default.  (Oz Aff't Ex. D § 14(b).)

### C.     The Amendment of March 30, 2009.

On or about March 30, 2009, plaintiff Capital Construction signed the "First Amendment to Loan Agreement" (the "Amendment").  (Pl. 56.1 ¶ 21; Def. 56.1 Resp. ¶ 21; Oz Aff't Ex. E; Zaga Aff. ¶ 10.)  On March 30, 2009, Ben Zion Suky signed the Amendment.  (Pl. 56.1 ¶ 22; Def. 56.1 Resp. ¶ 22; Oz Aff't Ex. E; Zaga Aff. ¶ 10.)  Mr. Suky also is listed as a borrower under the initial Agreement, and also executed the promissory note.  (Oz Aff't Exs. C, D.)  Defendant Zaga never signed the Amendment.  (Pl. 56.1 ¶ 23; Def. 56.1 Resp. ¶ 23.)

The Amendment stated that, as of January 1, 2009, $787,000 remained outstanding under the Agreement and the Promissory Note, a figure that reflected interest payments required under the promissory note.  (Pl. 56.1 ¶ 24; Def. 56.1 Resp. ¶ 24.)  The Amendment rescheduled repayment dates, but none of the repayments was subsequently tendered to plaintiff.  (Pl. 56.1 ¶¶ 25-26; Def. 56.1 Resp. ¶¶ 25-26.)  According to the defendant, the Amendment relieves him from any duty to make further repayments under the Loan Agreement or the Promissory Note.  (Def. 56.1 Resp. ¶¶ 11, 17, 24.)

SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a).  It is the initial burden of a movant on a summary judgment motion to come forward with evidence on each material element of his claim or defense, sufficient to demonstrate that he or she is entitled to relief as a matter of law.  Vt. Teddy Bear Co. v. 1–800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).  In raising a triable issue of fact, the non-movant carries only "a limited burden of production," but nevertheless "must 'demonstrate more than some metaphysical doubt as to the material facts,' and come forward with 'specific facts showing that there is a genuine issue for trial.'"  Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004) (quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993)).

A fact is material if it "might affect the outcome of the suit under the governing law," meaning that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact

could find in favor of the nonmoving party.  Costello, 632 F.3d at 45; accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-88.  In reviewing a motion for summary judgment, the court may scrutinize the record, and grant or deny summary judgment as the record warrants.  Rule 56(c)(3).  In the absence of any disputed material fact, summary judgment is appropriate.  Rule 56(a).

"A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory or based on speculation."  Major League Baseball Properties, Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008) (internal citation omitted); see also Anderson, 477 U .S. at 249–50 (summary judgment may be granted if the opposing evidence is "merely colorable" or "not significantly probative.").  An opposing party's facts "must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions."  Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 107 n. 14 (2d Cir. 1981) (quotation marks omitted).

DISCUSSION

### A.  Plaintiff Has Submitted Undisputed Evidence of Defendant's Breach.

Plaintiff asserts three breach of contract claims under New York law.  He alleges that the defendant breached the Loan Agreement by failing to make the scheduled repayments (Am. Compl't ¶¶ 81-90), that he defaulted on his repayment obligations under the Promissory Note (Am. Compl't ¶¶ 91-96), and that he has unlawfully failed to make the repayments required by the Amendment (Am. Compl't ¶¶ 97-105).

The key facts of this case are not dispute.  Defendant acknowledges that he signed the Agreement and the Promissory Note, that the borrowers breached the agreed-upon repayment

schedule, and that $700,000 in principal remains outstanding on the loan. (Pl. 56.1 ¶¶ 1, 7, 11, 13, 17-20; Def. 56.1 Resp. ¶¶ 1, 7, 11, 13, 17-20.) Plaintiff has submitted copies of the Loan Agreement, the Promissory Note, and the Amendment, and the defendant does not dispute their terms or authenticity. (Oz Aff't Exs. C-E.) Plaintiff has come forward with evidence of the borrowers' failure to repay the loan as scheduled. (Oz Aff't ¶¶ 18-28.)

Undisputed evidence reflecting the terms of an agreement, performance by the movant, and the non-movant's failure to make required payments is sufficient to establish breach of contract as a matter of law. See, e.g., Yonkers Ave. Dodge, Inc. v. BZ Results, LLC, 95 A.D.3d 774 (1st Dep't 2012). Failure to make payments according to an agreed-upon schedule "is routinely held to constitute a material breach . . . ." Awards.com, LLC v. Kinko's, Inc., 42 A.D.3d 178, 187 (1st Dep't 2007); accord Johnson v. Phelan, 281 A.D.2d 394, 395 (2d Dep't 2001) (failure to make installment payments "constituted a material breach of the agreement . . . ."); Daiichi Seihan USA v. Infinity USA, Inc., 214 A.D.2d 487, 488 (1st Dep't 1995) (affirming grant of summary judgment based on defendant's failure to make required monthly payments).

Under New York law, a plaintiff makes a prima facie case for recovery under a promissory note by providing a copy of the instrument and establishing failure to make payments under its terms. East New York Savings Bank v. Baccaray, 214 A.D.3d 601, 602 (2d Dep't 1995) (collecting cases). "To succeed on a motion for summary judgment, a plaintiff suing on a promissory note needs to merely establish the absence of a genuine issue as to the execution and default unless the obligor demonstrates the existence of a triable issue of fact." Fragin v. Mezei, 2012 WL 489100, at *3 (S.D.N.Y. Feb. 14, 2012) (quotation marks omitted; collecting cases). "'To preclude the plaintiff from enforcing the terms of the note, it [becomes] incumbent on the defendant to establish, by admissible evidence, that a triable issue of fact exist[s].'" Inner City

Telecommunications Network, Inc. v. Sheridan Broadcasting Corp., 2010 WL 2835559, at *2 (S.D.N.Y. July 13, 2010) (Preska, C.J.) (alterations in original; quoting Silber v. Muschel, 190 A.D.2d 727, 727 (2d Dep't 1993)).

Absent evidence that might prompt a reasonable juror to conclude that the Loan Agreement or the Promissory Note is unenforceable, the record is sufficient to entitle plaintiff to summary judgment. Defendant Zaga argues that summary judgment should be denied for two reasons. First, he asserts that the agreements are not supported by adequate consideration, and therefore are not valid and enforceable. Separately, Zaga argues that the Amendment materially altered the terms of the agreement, and thereby relieved him of an obligation to make further repayment thereunder. I address the arguments in turn.

B.   The Agreement Was Supported by Consideration.

Defendant Zaga argues that summary judgment should be denied because there are questions of fact as to whether there was adequate consideration given for the loan agreement and promissory note. (Opp. Mem. at 3-5.) According to Zaga, plaintiff did not loan money to the individual borrowers. (Opp. Mem. at 4.) Instead, he asserts, the only consideration was Capital's previous work, which it performed solely for the LLC. (Opp. Mem. at 4.)

Under New York law, consideration sufficient to support contract formation "consists of either a benefit to the promisor or a detriment to the promisee." Weiner v. McGraw-Hill, Inc., 57 N.Y.2d 458, 464 (1982). "[T]he parties to a contract are free to make their bargain, even if the consideration exchanged is grossly unequal or of dubious value." Apfel v. Prudential-Bache Sec., 81 N.Y.2d 470, 475 (1993). Courts should not scrutinize "the adequacy of consideration" absent fraud or unconscionability, as "[i]t is enough that something of real value in the eye of the law was exchanged." Id. at 476 (quotation marks omitted). "To

constitute sufficient consideration, for example, a party need only have a good-faith belief in the merit of its position." Denburg v. Parker Chapin Flattau & Klimpl, 82 N.Y.2d 375, 383 (1993).

In support of his argument, Zaga relies on Gutman v. Gutman, 31 A.D.3d 709, 709-10 (2d Dep't 2006), in which the Second Department concluded that a contract was unenforceable due to the absence of consideration. The plaintiffs in Gutman argued that a waiver of the right to challenge a will's testamentary provision constituted consideration sufficient to form a binding contract. Id. at 709. However, approximately six weeks prior to executing the contract, the parties executed a separate waiver as to any such challenge of the testamentary provision. Id. at 709-10. As stated by the Second Department: "Generally, past consideration is no consideration and cannot support an agreement because the detriment did not induce the promise. That is, since the detriment had already been incurred, it cannot be said to have been bargained for in exchange for the promise." Id. at 710.

Gutman does not support the defendant's position. First, as part of the Loan Agreement, plaintiff Capital Construction "agreed to waive its right to file a mechanic's lien for construction work it performed." (Pl. 56.1 ¶ 6; Def. 56.1 Resp. ¶ 6.) The Loan Agreement's recitals state that "each of the Borrowers will receive a direct and/or indirect benefit from this agreement." (Oz Aff't Ex. C, at 1.) As described in the Loan Agreement, a non-party mortgagee identified as "Marathon" made a $14,000,000 construction loan to the LLC, and had requested that plaintiff Capital Construction "waive its right to file a mechanic's lien for work done and the Construction Expenses." (Oz Aff't Ex. C at 1, 2.) The Loan Agreement states that the three individual borrowers and the LLC "acknowledge that the Loan Amount is justly due" to plaintiff, and that plaintiff "has the right to file a mechanic's lien" against the property "and otherwise pursue remedies against the [LLC] . . . ." (Oz Aff't Ex. C at 2.) Plaintiff agreed to "waive its

right to file a mechanic's lien for work done to date and the Construction Expenses." (Oz Aff't Ex. C at 2.) The Loan Agreement contains the following provision:

> Borrowers recognize and acknowledge that they are jointly and severally liable for the Loan Amount for good and valuable consideration, including, without limitation, Lender's agreement not to file a mechanic's lien for work done to date.

(Oz Aff't Ex. C § 10(B).)

Foregoing a right to recovery is sufficient consideration in forming a contract. See, e.g., White v. Hoyt, 73 N.Y. 505, 515 (1878) ("A promise made upon a settlement of disputes, and to prevent litigation, is made upon a good consideration."); C & D Dev., Inc. v. Sea Breeze Dev., LLC, 60 A.D.3d 610, 611 (2d Dep't 2009) ("[T]he plaintiff's forbearance from pursuing its earlier action against [defendant] constituted adequate consideration for the contract sued upon in the instant case."); Katz v. Anchor Constr., Inc., 247 A.D.2d 339, 339 (1st Dep't 1998) (enforcing agreement's lien waiver in exchange for payment allegedly less than lien's value). In this case, in exchange for payments totaling $1,170,000, plaintiff agreed to waive a right to file a mechanic's lien. (Oz Aff't Ex. C § 10(B).)

In light of defendant Zaga's financial interests in the LLC, he benefited directly from plaintiff's waiver of its right to file a mechanic's lien. Even if Zaga did not, such consideration would nevertheless be valid. "It is immaterial whether the claim forborne is against the promisor or is a claim against a third person; the detriment to the promisee is the same, and it is not essential that there should be a benefit to the promisor." 3 Williston on Contracts § 7:46 (4th ed.) (citing, inter alia, Traders Nat'l Bank v. Parker, 130 N.Y. 415 (1892)).

Plaintiff's agreement to forebear any mechanic's lien is adequate consideration under New York law.

In addition, under N.Y. U.C.C. § 3-408, "no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." Thus, a promissory note is enforceable even if not supported by consideration, provided that the note "relates to payment for an antecedent obligation." Perlstein v. Kullberg Amato Picacone, 158 A.D.2d 251, 252 (1st Dep't 1990).

Because the record establishes that the Loan Agreement was formed with adequate consideration, defendant has not met his burden in opposition to summary judgment.

C.  The Amendment Was Not Fully Executed and Is Not Binding to Zaga.

Zaga separately argues that the Amendment discharged his payment obligations. It is undisputed that on or about March 30, 2009, Mr. Suky signed the Amendment. (Oz Aff't Ex. E.) Neither defendant Zaga nor Mr. Cohen signed the Amendment. (Oz Aff't Ex. E.) The Amendment revised the repayment schedule set forth in the Loan Agreement. (Oz Aff't Ex. E.) It states that the borrowers' repayment obligations also would be memorialized in a replacement promissory note. (Oz Aff't Ex. E § 7.) No such replacement promissory note was executed thereafter.

The Amendment does not alter defendant Zaga's obligations under the Loan Agreement or the Promissory Note. The Loan Agreement states: "This Agreement may not be modified, amended or terminated except by agreement in writing executed by the parties hereto." (Oz Aff't Ex. C § 20.) Defendant Zaga and Mr. Cohen never executed the Amendment or any subsequent agreement. Similarly, the Promissory note states: "This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrowers or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change,

discharge or termination is sought." (Oz Aff't Ex. D § 5.)  Defendant Zaga has executed no such written agreement as to the Promissory Note.

As the defendant himself notes, "[u]nder general contract rules, an obligation may not be altered without the consent of the party who assumed the obligation."  <u>Bier Pension Plan Trust v. Estate of Schneirson</u>, 74 N.Y.2d 312, 315 (1989).  Defendant relies on authorities involving the rights of a guarantor or surety, which hold that in the event that the underlying agreement has been substituted, a guarantor may be relieved of all obligations. (Opp. Mem. at 5-7, <u>citing</u>, <u>inter alia</u>, <u>Bier</u>, 74 N.Y.2d at 315-16; <u>United Natural Foods, Inc. v. Burgess</u>, 488 F. Supp. 2d 384, 390-91 (S.D.N.Y. 2007).)  "Because the surety's obligation is distinct, the parties to the underlying contract may not unilaterally augment the surety's liability."  <u>Steel Warehouse Corp. v. Godinger Silver Art Ltd.</u>, 276 A.D.2d 341, 343 (1st Dep't 2000).

There is no evidence in the record that defendant Zaga acted as a guarantor or surety to any entity.  Indeed, the defendant identifies himself as "an obligor" in his memorandum of law, not as a guarantor or a surety.  (Opp. Mem. at 6.)  As reflected in the summary judgment record, defendant Zaga did not execute the Amendment and did not function as a guarantor or surety.  He has failed to set forth any basis that would permit a reasonable juror to conclude that the Amendment altered his obligations.

D.  <u>Summary Judgment Is Denied as to Count Three.</u>

Lastly, to the extent that plaintiff moves for summary judgment on Count Three of the Complaint, the motion is denied.  Count Three asserts that, as an alternative basis for liability, Zaga has breached his obligations under the Amendment.  But based on the record provided by the plaintiff, Zaga had no obligation under the Amendment.  Indeed, the plaintiff now argues that the Amendment is unenforceable: "The Amendment was clearly prepared as

part of a global modification of the Promissory Note and Loan Agreement, which was never completed. It was not signed by any of the Borrowers other than Suky and is, for all intents and purposes, a nullity." (Pl. Reply at 6.) While the Notice of Motion is not entirely clear as to whether the plaintiff has moved for summary judgment on all counts or merely on Count One and Count Two, to the extent that plaintiff seeks judgment in his favor for defendant's alleged breach of the Amendment – i.e., Count Three – the motion is denied.

CONCLUSION

Plaintiff's motion for summary judgment as to Count One and Count Two of the Amended Complaint is GRANTED. (Docket # 15.) The Clerk is directed to terminate the motion.

Plaintiff is directed to inform the Court within five business days whether it wishes to proceed on Count Three. Plaintiff should notify the Court via a letter faxed to chambers.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 14, 2012