```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-26-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CAPITAL CONSTRUCTION CORPORATION
OF NEW YORK,

                Plaintiff,                11-cv-8112 (PKC)

      -against-                MEMORANDUM AND ORDER

YOSSI ZAGA,

                Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Capital Construction Corporation of New York ("Capital Construction") moves, pursuant to Rule 60(a), Fed. R. Civ. P., to re-open this case and to correct the judgment that was entered on June 20, 2012. (Docket # 39.) Defendant Yossi Zaga has submitted a letter-brief in opposition. (Docket # 41.) For the reasons explained, Capital Construction's motion is granted, and the judgment is corrected. The Court separately concludes that Capital Construction is entitled only to post-judgment interest beginning as of the date that the new Corrected Judgment is entered, and not from the June 20, 2012 date of the defective judgment. To the extent that the motion seeks post-judgment interest beginning as of June 20, 2012, the motion is denied.

        On June 14, 2012, this Court granted Capital Construction's motion for summary judgment on two breach of contract claims. (Docket # 26.) It concluded that, under the terms of a loan agreement and promissory note, defendant Zaga is liable for $700,000 in payments owed to Capital Construction. (Id. at 2-3, 5-7.) The same Memorandum and Order denied summary judgment as to a third cause of action, and, in a letter dated January 15, 2012, Capital

Construction stated that it did not wish to proceed with its remaining claim. (Docket # 27.) The Court issued an Order that dismissed the third count with prejudice and directed the Clerk to enter final judgment. (Docket # 27.)

In a letter dated June 18, 2012, Capital Construction requested that the Court refrain from entering judgment until it ruled on an anticipated motion for attorneys' fees. (Docket # 28.) The Court waived its pre-motion requirement, but on June 20, 2012, the Clerk entered judgment in favor of Capital Construction. (Docket # 28-29.) The judgment did not recite the amount of damages to which Capital Construction was entitled. (Docket # 29.) Capital Construction did not seek to further amend the judgment at that time. In an Order of October 17, 2012, the Court awarded it $17,531.58 in attorneys' fees. (Docket # 36.) Again, Capital Construction did not seek to amend the judgment to include the attorneys' fees award or to correct the omitted damages amount.

Nearly two years after the original judgment, Capital Construction moves for entry of an amended and corrected judgment that sets forth the quantum of damages set forth in the June 18, 2012 Order and the attorneys' fees award of the October 17, 2012 Order. (Docket # 39.) As described in the June 9, 2014 letter, the judgment's failure to include a dollar amount "went unnoticed by Plaintiff's former counsel," and the failure to amend the Judgment to reflect an attorneys' fees award "was the result of oversight by Plaintiff's prior counsel. This has left Plaintiff without a money judgment to docket and enforce." (Docket # 39.)

Pursuant to Rule 60(a), "[t]he court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Correction of judgment is appropriate when the existing judgment fails to include a monetary award. Dudley ex rel. Estate

of <u>Patton v. Penn-American Ins. Co.</u>, 313 F.3d 662, 665 (2d Cir. 2002).  The amendment may include an award of pre-judgment interest.  <u>Robert Lewis Rosen Assocs., Ltd. v. Webb</u>, 473 F.3d 498, 504 (2d Cir. 2007); <u>accord</u> <u>Dudley</u>, 313 F.3d at 665 (describing pre-judgment interest calculation as "purely mechanical").  An amended judgment may not "reflect a new and subsequent intent of the court," but instead but conform the judgment to the "contemporaneous intent of the court."  <u>Robert Lewis Rosen Assocs.</u>, 473 F.3d at 505 n.11 (quotation marks omitted).

The judgment should have set forth Capital Construction's entitlement to $700,000 in damages and $17,531.58 in attorneys' fees.  The motion to amend the judgment is therefore granted.  Such an amendment reflects the contemporaneous intent of the court at the time that it issued the Memorandum and Order granting Capital Construction's motion for summary judgment.  <u>See</u> <u>Dudley</u>, 313 F.3d at 665.

Capital Construction also seeks to amend the judgment in order to reflect its entitlement to pre-judgment interest.  As the Court noted, the underlying promissory note "required the borrowers to pay the maximum lawful rate of compounded interest in the event of default," and that the borrowers waived all defenses in the event of a default.  (Docket # 26, at 3.)  The promissory note required that in the event of a default, the borrower was obligated to pay interest at "a rate per annum equal to the lesser of (a) the maximum rate permitted by applicable law or (b) three percent (3%) above the Interest Rate."  (Docket # 16 Ex. D § 2(b).)  The "Interest Rate" as defined in the Promissory Note is 1% per month, compounded monthly.  (<u>Id.</u> § 1(a).)  Thus, Capital Construction is entitled to interest calculated at the lesser of "the maximum rate permitted by applicable law," or 15% per year, compounded monthly.  (<u>Id.</u> §§ 1(a), 2(b).)  New York law provides for pre-judgment interest at a rate of 9% per annum, CPLR

- 3 -

§ 5004, but parties may contract for a higher rate if they do so using unambiguous language. See Banque Nationale De Paris v. 1567 Broadway Ownership Assocs., 248 A.D.2d 154, 155 (1st Dep't 1998) (approving prejudgment interest rate of 24%). The contracted-for rate will not apply once judgment is entered, unless the contract reflects an explicit and unambiguous intent to do so. See id. Zaga argues, in conclusory fashion, that an award of pre-judgment interest is contrary to the text of the promissory note and this Court's Memorandum and Order of June 14, 2012, but cites to no language that supports his argument. (Docket # 41, at 2.)

The judgment should have reflected Capital Construction's entitlement to prejudgment interest at a rate of 15% annually, compounded each month. From January 1, 2008 to June 20, 2012, pre-judgment interest totals $660,943.66. (Docket # 39.) The judgment will be amended accordingly. This amendment reflects the contemporaneous intent of the court at the time that it issued the Memorandum and Order granting Capital Construction's motion for summary judgment. See Dudley, 313 F.3d at 665.

Lastly, Capital Construction's motion is denied to the extent that it seeks an award of post-judgment interest, running from the entry of the judgment on June 20, 2012. "It is well settled that postjudgment interest is awarded as a penalty for the delayed payment of a judgment." ERHAL Holding Corp. v. Rusin, 252 A.D.2d 473, 474 (1st Dep't 1998). When "the delay was caused solely by the plaintiff, the defendants should not suffer the 'penalty' of paying interest pursuant to CPLR 5003." Id. As stated in Capital Construction's letter-brief, the omission of damages figures in the judgment "went unnoticed by Plaintiff's former counsel" and reflected "oversight by Plaintiff's prior counsel." (Docket # 39.) Therefore, while judgment was entered in Capital Construction's favor, it failed to include the sums to which it was entitled, and two years passed before Capital Construction sought to correct the oversight. The amended

judgment will not reflect post-judgment interest that accrued from the judgment of June 20, 2012.

CONCLUSION

Pursuant to Rule 60(a), the judgment will be amended to reflect that Capital Construction is entitled to $700,000 in damages for its breach of contract claim, $660,943.66 in pre-judgment interest and $17,531.58 in attorneys' fees.

The Clerk is directed to terminate the motion. (Docket # 39.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 25, 2014